**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MARK J. WILSON,

        Appellant/Plaintiff,

v.                                                             CV 07-457 WPL/LAM

JOHN BRENNAN, et al.,
        Appellees/Defendants.

**ORDER**

This case has returned to federal district court due to a dispute regarding the provision of trial transcripts on appeal. In short, Plaintiff initially ordered partial trial transcripts for his appeal. However, after Defendants designated additional testimony, Plaintiff amended his transcript order to include additional testimony. The docket indicates that transcripts of all of the testimony Plaintiff initially ordered and some of the testimony requested in his amended order have been filed. Defendants now move for an order requiring Plaintiff to amend the Official Transcript with the remaining testimony he requested in his amended transcript order form. (Doc. 171.) For the reasons that follow, I will grant the motion.

**DISCUSSION**

When an appellant has not ordered the entire transcript, Federal Rule of Appellate Procedure 10(b) provides that "if the appellee considers it necessary to have a transcript of other parts of the proceedings, the appellee must . . . file and serve on the appellant a designation of additional parts to be ordered." FED. R. APP. P. 10(b)(3)(B). Rule 10(b) further provides that "unless [within a

certain time]¹ the appellant has ordered all such parts, and has so notified the appellee, the appellee may . . . either order the parts or move in the district court for an order requiring the appellant to do so." FED. R. APP. P. 10(b)(3)(C). Finally, Rule 10(b) requires that "[a]t the time of ordering, a party must make satisfactory arrangements with the reporter for paying the cost of the transcript." FED. R. APP. P. 10(b)(4).

The bench trial in this case occurred on December 15-17, 2008 and March 11, 2009. Eight witnesses testified. Plaintiff, Mark Wilson, gave testimony from December 15th through the morning of December 17th. His testimony was followed on December 17th by Doyne Wrealli, Rob Narvaez, Michelle Geels, and the direct examination of John Brennan. On March 11, 2009 trial continued with additional testimony from Brennan, followed by Tim Matthes, Gary Berg, and Steve Farris. Plaintiff also gave rebuttal testimony on March 11th. (*See* Doc. 132, 142.) In his first transcript order form Plaintiff requested transcription of the following testimony:

a) Direct examination of Tim Matthes
b) Cross-examination of Tim Matthes
c) Cross-examination of Gary Berg
d) Cross-examination of Steve Farris
e) Plaintiff's rebuttal testimony

(Doc. 167.) Pursuant to Rule 10(b)(3)(C), Defendants designated the following additional transcripts: "the entire trial testimony of Wilson, Brennan, Berg, Matthes and Farris." (Doc. 166.) Plaintiff then filed an amended transcript order form, which states:

> After conferring with the Defendants I hereby amend my order to the following: The complete trial transcript except for: the examination of Wrealli, Narvaez, Geels, and Brennan.

---

¹ Effective December 1, 2009, this time period was increased from ten to fourteen days. Because the filings pertaining to the transcript requests occurred in both November and December 2009, it is not immediately clear which time period applies. However, because the parties have not raised any timeliness issues, I need not decide or specify the applicable time period here.

2

> Since I have already purchase [sic] and received the December 17, 2008, [sic] direct examination of Brennan, I request that you make that transcript available to the Court and Defendants.
> Please have the transcript into my hands before the second of November.[2]

(Doc. 170.) The amended form also clearly states that "Appellant will pay the cost of the transcript. My signature on this form is my agreement to pay for the transcript ordered on this form." (*Id.*) The form is signed by Plaintiff and dated October 13, 2009.

A Notice of Filing of Official Transcript, docketed on November 12, 2009, indicates that the following transcripts have been filed:

> a) Direct and cross-examination of Tim Matthes
> b) Direct and cross-examination of Gary Berg
> c) Direct, cross, and redirect of Steve Farris
> d) Plaintiff's rebuttal testimony

(*See* Doc. 169.) Thus, Defendants' designation of the entire testimony of Matthes, Berg, and Farris has been satisfied.[3] Defendants assert that "what remains to complete the Official Transcript is Brennan's December 17, 2008 testimony and the complete testimony of Wilson, for both December 2008 and March 2009."[4] (Doc. 171 at 2.)

In their motion, Defendants suggest that Plaintiff has already agreed to amend the Official Transcript and has filed an amended order for transcript. (*Id.* at 1.) However, Defendants complain, Plaintiff "has failed to follow through on this commitment." (*Id.*) In his response, Plaintiff states that he filed an amended transcript order with the court reporter of record after conferring with

---

[2] I note that the amended transcript order form was not filed with the Court until November 6, 2009.

[3] There was no re-direct examination of Matthes or Berg.

[4] In designating additional transcripts, Defendants had requested "the entire trial testimony of . . . Brennan . . . ." (Doc. 166 at 1.) However, in his amended transcript order form, Plaintiff only agreed to provide the December 17, 2008 direct examination of Brennan. Defendants make no argument regarding Brennan's March 11, 2009 testimony.

Defendants "because he though [sic] he had to." (Doc. 174 at 1.) Plaintiff explains that

> [i]n telephone conversations and e-mails to the court reporter's firm the Plaintiff had also asked for the amended order transcripts. For reasons unbeknown [sic] to the Plaintiff the court reporter's firm Reporter's Ink's office manager was always vague about the date of completion of the amended transcript. There seem [sic] to be some problem, because even the Clerk of the Tenth Circuit Court of Appeals sent them a letter to file a notice of estimate of when the original transcript order would be completed. To my knowledge the firm never completed the notice, for I have not received it.

(*Id.* at 2.) Plaintiff goes on to suggest that Defendants should separately order the requested testimony because Plaintiff has been unsuccessful in acquiring the additional transcript and because, in his view, the additional testimony of Plaintiff and Brennan "seem of little or no use" to the thrust of Plaintiff's appeal. (*Id.* at 3.) In reply, Defendants ask the court to issue an order to both the court reporter of record and to Plaintiff to execute the amended transcript order. Defendants suggest that "[t]his is not a dispute about the contents of the Official Transcript, []or who should pay" because the parties already reached an agreement on those points and Plaintiff agreed to an amended Official Transcript by filing an amended transcript order form. (Doc. 173 at 1.) They argue that regardless of whether it now "proves to be too inconvenient or too expensive for Appellant/Plaintiff to effect the amendment of the Official Transcript" he is bound by his amended transcript order. (*Id.*)

It is unclear why all the trial transcripts requested in Plaintiff's amended order form have not been filed. Plaintiff represents to the Court that he has asked the court reporter's firm for the amended order transcripts. His response suggests that the problem may lie with the court reporter. However, Defendants' reply implies that Plaintiff has not paid for the additional transcripts.

Plaintiff did not previously object to Defendants' designation of additional testimony. Nor did he raise any arguments regarding the relevance of this testimony to the issues on appeal. Rather, he filed an amended transcript order form requesting "the complete trial transcript except for[] the

examination of Wrealli, Narvaez, Geels, and Brennan" and requesting Brennan's December 17 testimony.  Moreover, he agreed to pay the cost of the transcript.  Accordingly, Plaintiff is ordered to execute the amended transcript order and make adequate arrangements to pay for the transcript by January 19, 2010.  If Plaintiff has already taken these steps, he may file an appropriate motion by January 19, 2010 for an order compelling the court reporter to execute the transcript order.

    IT IS SO ORDERED.

*William P. Lynch*
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

5